NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
VALERIE L. MAKAREWICZ (Cal. Bar No. 229637)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2729
    Facsimile: (213) 894-0015
    E-mail: valerie.makarewicz@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:18-cv-00803 |
| Plaintiff, | COMPLAINT TO REDUCE FEDERAL PENALTY ASSESSMENT TO JUDGMENT |
| v. | |
| JANE BOYD, | |
| Defendant. | |

    Plaintiff United States of America, by its undersigned counsel, for its complaint against the above-named defendant, alleges as follows:

## GENERAL ALLEGATIONS

1. This is a civil action to reduce to judgment a federal Foreign Bank and Financial Accounts (FBAR) penalty assessment against defendant JANE BOYD ("defendant").

2. This action is brought under 31 U.S.C. § 3711(g)(4)(C), at the direction of the Attorney General of the United States and at the request and with the authorization

of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury.

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 because this action arises under the laws of the United States and because the United States is the plaintiff.

4. Venue for the action is within the Central District of California under 28 U.S.C. § 1391(a)(1) because defendant resides within this judicial district.

## FAILURE TO REPORT FOREIGN BANK ACCOUNTS

5. Section 5314 of Title 31 of the United States Code authorizes the Secretary of the Treasury to require United States citizens to report certain transactions with foreign financial agencies.

6. Under the implementing regulations of § 5314, "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship to the Commissioner of Internal Revenue for each year in which such relationship exists[.]" 31 C.F.R. § 1010.350(a).

7. The report must be filed with the IRS on a Report of Foreign Bank and Financial Accounts which is also referred to as an FBAR. The report is due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

8. Under 31 U.S.C. § 5321(b)(2)(A), the Government may bring suit to recover the penalty assessed under 31 U.S.C. § 5321(a) at any time before the end of the 2-year period beginning on the date the penalty was assessed.

9. This action is brought within the two-year limitations period specified in 31 U.S.C. § 5321(b)(2)(A).

10. During the year 2010, defendant, a U.S. citizen, had a financial interest, signatory authority and/or otherwise controlled the following foreign bank accounts in the United Kingdom ("UK bank accounts"):

| Name | Last 4 Digits of Account Number |
|---|---|
| NS&I | 7712 |
| Investco Perpetual | 1187 |
| Henderson Global Investors | 6613 |
| Henderson Global Investors | 2526 |
| Baille Gifford | 3389 |
| Halifax | 7166/2144 |
| HSBC | 3099 |
| HSBC | 5957 |
| HSBC | 5841 |
| HSBC | 5930 |
| Northern Rock | 4249 |
| Santander | 1566 |
| HSBC | 1743 |

11. In 2010, defendant's UK bank accounts had an aggregate balance that exceeded $10,000.

12. Defendant was required by law to file a FBAR disclosing her financial interest in her UK bank accounts for 2010, but failed to timely disclose her financial interest in her UK bank accounts.

13. For the year 2010, defendant failed to report the income she deposited into her UK bank accounts, and failed to timely report the interest or dividend income she earned from her UK bank accounts on her federal income tax returns, Form 1040.

**REDUCTION OF ASSESSMENTS TO JUDGMENT**

14. On June 9, 2016, a delegate of the Secretary of the Treasury made a federal FBAR penalty assessment against defendant for the 2010 calendar year in the amount of $47,279.00, pursuant to 31 U.S.C. § 5314, plus a late payment penalty pursuant to 31 U.S.C. § 3717(e)(2) in the amount of $1,453.16.

15. On June 10, 2016, notice and demand for payment of the FBAR penalty was sent to defendant.

16. Interest has accrued on the penalties as provided by law and remains unpaid. As of May 26, 2017, the unpaid balance owed to the United States for the FBAR penalty, late payment penalty, and interest is $49,185.53.

17. Despite timely notice and demand for payment of the FBAR penalty assessment for the 2010 calendar year, defendant has neglected, failed, or refused to pay in full said assessment, and there remains due and owing from defendant, on the FBAR penalty assessment, late payment penalty, and interest for the 2010 calendar year, as of May 26, 2017, the sum of $49,185.53, plus accrued interest, penalties, and other statutory additions as provided by law, incurred before and after the filing of this Complaint.

WHEREFORE, plaintiff United States of America prays that the Court:

A. Enter judgment in favor of the United States of America and against defendant for an unpaid FBAR penalty liability pursuant to 31 U.S.C. § 5321(a)(5) for the 2010 calendar year, in the amount of $49,185.53, plus interest, penalties (including the late payment penalty pursuant to 31 U.S.C. § 3717(e)(2) and interest on this penalty), and other statutory additions as provided by law, accruing after May 26, 2017.

///
///
///

B.  Award plaintiff United States of America its costs and such other further relief as is just and proper.

Dated: 01/31/2018

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

/s/
_____
VALERIE L. MAKAREWICZ
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA