NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
VALERIE L. MAKAREWICZ (Cal. Bar No. 229637)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2729
    Facsimile: (213) 894-0015
    E-mail: valerie.makarewicz@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br> v.<br><br>JANE BOYD,<br><br>           Defendant. | No. 2:18-cv-00803-MWF-JEM<br><br>FED. R. CIV. P. 26 STATEMENT OF CASE AND PROPOSED DISCOVERY PLAN<br><br>**SCHEDULING CONFERENCE:**<br><br>Date:  June 25, 2018<br>Time:  11:00 a.m.<br>Ctrm:  5A<br><br>**Honorable Michael W. Fitzgerald**<br>**United States District Court Judge** |

Pursuant to Fed. R. Civ. P. 26(f), plaintiff, United States of America, and defendant, Jane Boyd, by and through their attorneys, hereby submit the following statement and make the following recommendations as to discovery and the pre-trial schedule in this case:

**1. Short Synopsis of Principal Issues**

This is a civil action to reduce to judgment a federal Foreign Bank and Financial

1

Accounts (FBAR) penalty assessment against defendant.

**2. Factual Summary**

<u>Plaintiff's Contentions</u>

During 2010, defendant, a U.S. citizen, had a financial interest, signatory authority and/or otherwise controlled thirteen foreign bank accounts in the United Kingdom ("UK bank accounts"), all of which had an aggregate balance that exceeded $10,000. The United States of America asserts that defendant was required by law to file a FBAR disclosing her financial interest in her UK bank accounts for 2010, but failed to timely disclose her financial interest in her UK bank accounts. The United States of America asserts that defendant failed to report the income she deposited into her UK bank accounts, and failed to timely report the interest or dividend income she earned from her UK bank accounts on her federal income tax returns, Form 1040.

On June 9, 2016, federal FBAR penalty assessment were made against defendant for the 2010 calendar year in the amount of $47,279.00, pursuant to 31 U.S.C. § 5314, plus a late payment penalty pursuant to 31 U.S.C. § 3717(e)(2) in the amount of $1,453.16. On June 10, 2016, notice and demand for payment of the FBAR penalty was sent to defendant. Interest has accrued on the penalties as provided by law and remains unpaid. As of May 26, 2017, the unpaid balance owed to the United States for the FBAR penalty, late payment penalty, and interest is $49,185.53 of which the United States of America brings this suit to reduce to judgment.

<u>Defendant's Contentions</u>

On June 9, 2016, a federal FBAR penalty assessment was allegedly made against the defendant for tax year 2010. The requirement to file an FBAR is found in 31 U.S.C. § 5314, which requires a taxpayer to file an FBAR on an annual basis. The FBAR penalty, if assessed as alleged, was assessed pursuant to 31 U.S.C. § 5321(a)(5). This section allows the government to penalize a taxpayer for failing to file an annual FBAR report. In the case of a non-willful FBAR penalty, 31 U.S.C. § 5321(a)(5)(B) provides that the penalty "shall not exceed $10,000". In the present matter the plaintiff alleges

2

that a penalty in the amount of $47,279 was assessed against the defendant. Assuming the assessment was made as alleged, the assessment was made in excess of the amount allowed by statute.

As discussed immediately above, by law the penalty in the present matter cannot exceed $10,000. For reasons that will be explained below, in the present matter the penalty assessment cannot exceed $5,000.

The authority to investigate FBAR compliance has been delegated to the IRS examination division. The IRS policies and procedures for FBAR examinations is found in the Internal Revenue Manual (IRM). The IRM is the IRS' primary official source of instructions to staff relating to the administration and operations of the IRS. In the present matter a Revenue Agent of the IRS examination division was assigned to review the defendant's FBAR compliance.

The Revenue Agent assigned to examine the defendant's FBAR compliance made his final determination on February 3, 2015. This decision was sustained by the Office of Appeals prior to the alleged assessment at issue.

In the Revenue Agent's February 3, 2015 report, the Revenue Agent indicated that the defendant met the requirements for mitigation as provided in the IRM. The mitigation rules and procedures in effect as of the date on which the assessment against the defendant was purportedly made can be found in IRM Exhibit 4.26.16-1, titled "FBAR Penalty Mitigation Guidelines for Violations Occurring After October 22, 2004". Specifically, the Revenue Agent stated that the penalty for tax year 2010 was subject to level 2, non-willful mitigation. The parameters for meeting the mitigation requirements as found in Internal Revenue Manual were stated to have been met by the Revenue Agent conducting the audit of the defendant's FBARs. As of the date on which the assessment was purportedly made against defendant, the maximum penalty that could be assessed for a level 2, non-willful mitigation violation was $5,000. This $5,000 limitation on penalties to be assessed where mitigation applies went into effect after the Revenue Agent wrote his report, but prior to the date on which the amount of the

proposed assessment was challenged administratively by defendant in the IRS Office of Appeals. Thus the error was made by the Office of Appeals. The IRS applied the incorrect penalty structure in effect as of the date of the alleged assessment, and allegedly assessed a penalty in the amount of $47,279. Because any assessment in excess of $5,000 was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, the assessment, if procedurally proper, violates 5 U.S.C. § 706(2)(a).

In addition to the above arguments, the defendant contends that the penalty at issue was not assessed in accordance with applicable procedural requirements, rendering the assessment legally ineffective.

**3. Description of Claims Being Asserted**

The United States now seeks to reduce the aforementioned FBAR penalty assessments against defendant to judgment.

The defendant alleges that the alleged assessment was made in violation of the law. Additionally and in the alternative, the defendant alleges that if a legal assessment was made, the assessment cannot exceed $5,000 without violating 5 U.S.C. § 706(2)(a). Additionally and in the alternative, the defendant alleges that the penalty in the present matter cannot exceed $10,000 based on the plain language of 31 U.S.C. § 5321(a)(5)(B).

**4. Subject Matter Jurisdiction**

The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 because this action arises under the laws of the United States and because the United States is the plaintiff.

**5. Likelihood of Addition of Parties or Amendment of Pleadings**

The parties do not anticipate that there will be motions to file amended pleadings or transfer venue. The parties do not anticipate that other claimants will appear in the action.

**6. Damages**

The plaintiff alleges that total damages owed by defendant consist of FBAR

penalty liability, late payment penalty, and interest, totaling $49,185.53.

**7. Insurance**

Not applicable.

**8. Bifurcation or Severance**

Severance or bifurcation is not appropriate in this case.

**9. Disclosures under Fed. R. Civ. P. 26(a)(1)**

The parties agree to exchange disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure by July 1, 2018.

**10. Listing and Proposed Schedule of Law and Motion Matters/Pleading Likely to be Filed**

The United States of America anticipate filing a Motion for Summary Judgment regarding the issue in this case pursuant to Fed. R. Civ. P. 56

The defendant anticipates filing a Motion for Summary Judgment. This motion may raise the following issues: (1) that the alleged assessment was not legally made; (2) the penalty at issue cannot exceed $5,000 pursuant to the Internal Revenue Manual and any attempts to obtain a judgment in excess of $5,000 is in violation of 5 U.S.C. § 706(2)(a); and (3) pursuant to the plain language of the statute the penalty at issue cannot exceed $10,000.

**11. Settlement Discussions**

The parties recommend that pursuant to Local Rule 16-15.4, a settlement conference be held before a neutral selected by the Court's ADR program.

**12. Status of Discovery, Proposed Discovery Schedule and Discovery Cut-Off Dates**

The defendant served the plaintiff with her first request for production of documents on May 14, 2018. Plaintiff intends on responding to the production for documents on June 13, 2018.

No changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure, no other limitations should be imposed upon

discovery, or that discovery should be conducted in phases or otherwise ordered or limited.

**13.   Expert Discovery**

The parties do not anticipate any expert discovery.

**14.  Trial by Jury or by Court**

The parties requests that the trial of this matter be conducted to the Court and suggests a date convenient to the Court in spring 2019.

**15.  Estimate of Time Required for Trial**

The parties estimate 1 day for trial.

**16.   Trial Counsel**

AUSAs Valerie Makarewicz and John Ellis will serve as trial counsel in the present matter on behalf of the United States of America.  A. Lavar Taylor and Jonathan T. Amitrano will serve as trial counsel in the present matter on behalf of the defendant.

**17.   Independent Expert or Master**

The parties do not believe that the services of an independent expert of master are necessary in the present matter.

Dated: June 8, 2018

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

  /s/
VALERIE L. MAKAREWICZ
Assistant United States Attorney

Attorneys for the UNITED STATES OF AMERICA

Dated: June 8, 2018

/s/
JONATHAN AMITRANO
Attorney for defendant Jane Boyd

### JUDGE MICHAEL W. FITZGERALD
### SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 2:18-cv-00803-MWF-JEM |
|---|---|
| Case Name | United States of America v. Jane Boyd |

| Matter | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|
| [ ] Jury Trial  or  [✓] Court Trial **(Tuesday at 8:30 a.m.)**  Duration Estimate: __1__ Days | 5/14/19 | 5/14/19 | |
| Final Pretrial Conference [LR 16] and Hearing on Motions *In Limine* **(Monday at 11:00 a.m. -- three (3) weeks before trial date)** Motions *In Limine* must be filed **three (3) weeks** before this date; oppositions are due **two (2) weeks** before this date; no reply briefs. | 4/22/19 | 4/22/19 | |

| Event | Weeks Before Trial | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings / Add Parties | | 7/1/18 | 7/1/18 | |
| Non-Expert Discovery Cut-Off (at least 4 weeks before last date to hear motions) | 18 | 1/7/19 | 1/7/19 | |
| Expert Disclosure (Initial) | | n/a | n/a | |
| Expert Disclosure (Rebuttal) | | n/a | n/a | |
| Expert Discovery Cut-Off | 14 * | n/a | n/a | |
| Last Date to *Hear* Motions (Monday at 10:00 a.m.) | 14 | 2/4/19 | 2/4/19 | |
| Last Date to Conduct Settlement Conference | 12 | 2/18/19 | 2/18/19 | |
| For Jury Trial<br>♦ File Memorandum of Contentions of Fact and Law, LR 16-4<br>♦ File Exhibit and Witness Lists, LR 16-5.6<br>♦ File Status Report Regarding Settlement<br>♦ File Motions *In Limine* | 6 | n/a | n/a | |
| For Jury Trial<br>♦ Lodge Pretrial Conference Order, LR 16-7<br>♦ File Agreed Set of Jury Instructions and Verdict Forms<br>♦ File Statement Regarding Disputed Instructions, Verdicts, etc.<br>♦ File Oppositions to Motions *In LImine* | 5 | n/a | n/a | |
| For Court Trial<br>♦ Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | 3 | 4/22/19 | 4/22/19 | |

* The parties may choose to cut off expert discovery prior to MSJ briefing.

ADR [LR 16-15] Selection:

☐ Attorney Settlement Officer Panel    ☐ Private Mediation    ☐ Magistrate Judge (with Court approval)

**EXHIBIT A**