NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
JOHN D. ELLIS (Cal. Bar No. 322922)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2740
    Facsimile: (213) 894-0115
    E-mail: john.ellis3@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | No. 2:18-cv-00803-MWF(JEMxx) |
|---|---|
| Plaintiff, | Declaration of John D. Ellis |
| v. | |
| JANE BOYD, | |
| Defendant. | |

I, John D. Ellis, declare as follows:

1.      I am an Assistant United States Attorney (AUSA) for the Central District of California, Tax Division, and have been assigned to prosecute this action on behalf of the United States of America.

2.      As part of my duties as an AUSA, I received from the Internal Revenue Service (IRS) materials relating to the civil penalties (FBAR penalties) it assessed against Jane Boyd (Boyd) for the 2010 tax year.  These materials were maintained by the IRS in the ordinary course of its business.  Among other things, I received a Form 13448, Penalty Assessment Certification, relating to the FBAR penalties that are the subject of this case and a summary from the Department of Treasury's Bureau of Fiscal

1   Service FedDebt database showing the outstanding balances of those penalties, including

2   late-payment penalties and interest, as of May 26, 2017.  Those documents are attached,

3   respectively, as Exhibits 1 and 2.  I have in my possession the original embossed

4   certificates relating to those documents.  If necessary, I can make the certificates

5   available for inspection by the Court.

6       3.      In the course of the representing the United States in this matter, I

7   propounded on Boyd one set of requests for admission and one set of interrogatories.

8   Those documents were mailed on August 10, 2018, and November 5, 2018, respectively.

9   Boyd, through her counsel, mailed timely responses to the requests for admission and

10  interrogatories on September 5, 2018, and November 14, 2018, respectively.  Copies of

11  her responses are attached as Exhibits 3 and 4, respectively.

12      4.      Copies of certain Internal Revenue Manual (IRM) provisions in effect

13  during the IRS's examination of Boyd are attached as follows:

14          a.      IRM pt. 4.26.16.4.4 (Rev. July 1, 2008) is attached as Exhibit 5.

15          b.      IRM pt. 4.26.16.4.7 (Rev. July 1, 2008) is attached as Exhibit 6.

16          c.      IRM pt. 4.26.16.4.6.2 (Rev. July 1, 2008) is attached as Exhibit 7.

17          d.      IRM Ex. 4.26.16-2 (Rev. July 1, 2008) is attached as Exhibit 8.

18      5.      I declare under penalty of perjury under the laws of the United States of

19  America that the foregoing is true and correct and that this declaration is executed at Los

20  Angeles, California, on February 11, 2019.

21

22                                  JOHN D. ELLIS

23

24

25

26

27

28

 **United States**  **of America**

### Department of the Treasury
### Internal Revenue Service

Date: May 25, 2017

CERTIFICATE OF OFFICIAL RECORD

I certify that these are true copies of Form 13448, Penalty Assessment Certificiation (Title 31 –

"FBAR") showing the FBAR penalty assessed Jane Boyd on June 09, 2016 for $47,279.00.

under the custody of this office.

IN WITNESS WHEREOF, I have hereunto set
my hand, and caused the seal of this office to be
affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:
Director, IRS Detroit Computing Center

By: Leah Smith-Pope
    Department Manager, CTR Operations

Catalog Number 19002E

**EXHIBIT 1**

Form 2866 (Rev. 09-97)

# Form 13448 Penalty Assessment Certification (Title 31 "FBAR")

Case Name: JANE BOYD

Proposed Penalty:

SSN/EIN: 112406353

Calendar Year: 12/31/2010

| | | Foreign Account Number(s): | Foreign Bank: |
|---|---|---|---|
| 2. Non-Wilfful Failure to meet recordkeeping requirements - 31 | $4,527.00 | 7712; | NS&I BONDS; INVESTCO PERPET |
| 2. Non-Wilfful Failure to meet recordkeeping requirements - 31 | $444.00 | 6613; 2526 | HENDERSON GLOBAL INVESTOR |
| 2. Non-Wilfful Failure to meet recordkeeping requirements - 31 | $9,985.00 | 6282; | HALIFAX |
| 2. Non-Wilfful Failure to meet recordkeeping requirements - 31 | $20,000.00 | 2000. | HSBC |
| 2. Non-Wilfful Failure to meet recordkeeping requirements - 31 | $5,000.00 | 4249 | NORTHERN ROCK |
| 2. Non-Wilfful Failure to meet recordkeeping requirements - 31 | $7,323.00 | 6282 | SANTANDER; BAILLIE GIFFORD |

I certify that the penalty of the above classes and amounts, hereby assessed, are specified in supporting records, subject to such correction as subsequent inquiries and determinations in respect hereto may indicate to be proper.

CTR OPERATIONS DEPARTMENT MANAGER

Thursday, June 9, 2016




**United States**  of America

## Department of the Treasury
## Internal Revenue Service

Date:  May 25, 2017

CERTIFICATE OF OFFICIAL RECORD

I certify that the attached page is a true copy from the Department of Treasury's Bureau of Fiscal Service

FedDebt database system of summaries that show the outstanding balance for FBAR penalties that were

assessed (identified as "Principal"), a late-payment penalty as authorized by 31 U.S.C. § 3717(e)(2) and

31 CFR § 5.5(a) (Identified as "Penalty"), and accrued interest as of May 26, 2017 for Jane Boyd.

under the custody of this office.

IN WITNESS WHEREOF, I have hereunto set
my hand, and caused the seal of this office to be
affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:
Director, IRS Detroit Computing Center

By:   Leah Smith-Pope
      Department Manager, CTR Operations

Catalog Number 19002E

Form 2866 (Rev. 09-97)

**EXHIBIT 2**

## Case balance inquiry

Case ID: 1700103916A     As-of date: 5/26/2017    (mm/dd/yyyy)

[Refresh]

Case ID: **1700103916A**
Original liability: **100%**
Original location: **BDMOC**
Debtor name: **JANE BOYD**

As-of date: **5/26/2017**
Current liability: **%**
Current location: **20**

**Referred balance components**
| | |
|---|---|
| Principal: | $47,279.00 |
| Interest: | $0.00 |
| Admin cost: | $0.00 |
| Penalty: | $0.00 |
| Referred balance: | $47,279.00 |

**Fees charged to debtor**
| | |
|---|---|
| DMS fee: | $0.00 |
| PCA fee: | $0.00 |
| PCA bonus fee: | $0.00 |
| Total DOJ fees: | $0.00 |
|    DOJ fee: | $0.00 |
|    Court cost: | $0.00 |
|    Private counsel fee: | $0.00 |
| TOP fee: | $17.00 |
| Debtor fees balance: | $17.00 |

**As-of date balance components**
| | |
|---|---|
| Principal: | $47,279.00 |
| Interest: | $453.37 |
| Admin cost: | $0.00 |
| Penalty: | $1,453.16 |
| Adjusted balance: | $49,185.53 |

**Total fees (actual plus potential)**
| | |
|---|---|
| DMS fee: | $0.00 |
| PCA fee: | $0.00 |
| PCA bonus fee: | $0.00 |
| Total DOJ fees: | $0.00 |
|    DOJ fee: | $0.00 |
|    Court cost: | $0.00 |
|    Private counsel fee: | $0.00 |
| TOP fee: | $17.00 |
| Total fees balance: | $17.00 |

**Remaining potential fees**
| | |
|---|---|
| DMS fee: | $0.00 |
| PCA fee: | $0.00 |
| PCA bonus fee: | $0.00 |
| DOJ fee: | $0.00 |
| Potential fees balance: | $0.00 |

**As-of date balance**          $49,185.53

**Total overage:**          $0.00

[View debt balance]  [Exit]

1   A. LAVAR TAYLOR (CA SBN # 129512)
2   JONATHAN T. AMITRANO  (CA SBN # 283389)
    Law Offices of A. Lavar Taylor, LLP
3   3 Hutton Centre Drive, Suite 500
4   Santa Ana, CA 92707
      Telephone:  (714) 546-0445
5     Facsimile:  (714) 546-2604
      E-mail: ltaylor@taylorlaw.com
6     E-mail: jamitrano@taylorlaw.com

Attorneys for Defendant Jane Boyd

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:18-cv-00803-MWF-JEM |
| Plaintiff, | **DEFENDANT JANE BOYD'S RESPONSE TO FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF UNITED STATES OF AMERICA** |
| v. | |
| JANE BOYD, | |
| Defendant. | |

PROPOUNDING PARTY:    UNITED STATES OF AMERICA

RESPONDING PARTY:    JANE BOYD

SET NUMBER:     ONE

Defendant JANE BOYD, as an individual (hereinafter referred as "Ms. Boyd" or "Defendant"), by and through her undersigned counsel, hereby submits

{00100159.DOCX}

**EXHIBIT 3**

1

her response to the United States of America's (hereinafter referred to as "Plaintiff") First Request for Admissions pursuant to Rule 36 of the Federal Rules of Civil Procedure.

**REQUEST NO. 1.** In 2004, 2005, 2006, 2007, 2008, 2009, and 2011 defendant had a financial interest in, signatory authority over, and/or otherwise controlled financial accounts in the United Kingdom that had, either individually or collectively, account balances in excess of $10,000.

**RESPONSE:** Admits.

**REQUEST NO. 2.** Defendant did not timely report her interests in the United Kingdom financial accounts to the Internal Revenue Service by filing a timely Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts, for the 2004, 2005, 2006, 2007, 2008, 2009, or 2011 calendar years.

**RESPONSE:** Admits as it relates to tax years 2004 through 2009. Denies that the 2011 report was not timely filed.

**REQUEST NO. 3.** In 2010 defendant had a financial interest in, signatory authority over, and/or otherwise controlled the following United Kingdom financial accounts ( collectively, "the U.K. accounts"):

{00100159.DOCX}

2

| Financial Institution | Account Type | Last 4 Digits of Account No. | High Balance (GBP) | High Balance (USD) | Date of High Balance |
|---|---|---|---|---|---|
| NS&I Bonds | Bonds | 7712 | £21,921 | $34,251 | 7/28/2010 |
| Invesco Perpetual | Securities | 1187 | £7,054 | $11,022 | 4/5/2010 |
| Henderson Global Investors | Securities | 6613 | £1,620 | $2,531 | 5/13/2010 |
| Henderson Global Investors | Securities | 2526 | £1,223 | $1,911 | 5/13/2010 |
| Baille Gifford | Securities | 3389 | £14,868 | $23,232 | 4/12/2010 |
| Halifax | Bank | 2144 | £31,901 | $49,845 | 5/22/2010 |
| Halifax | Bank | 6282 | £45,006 | $70,322 | 4/16/2010 |
| HSBC | Bank | 3099 | £150,015 | $234,398 | 5/25/2010 |
| HSBC | Bank | 5957 | £49,000 | $76,563 | 6/1/2010 |
| HSBC | Bank | 5841 | £49,000 | $76,563 | 6/1/2010 |
| HSBC | Bank | 5930 | £49,000 | $76,563 | 6/1/2010 |
| HSBC | Bank | 1743 | £147,000 | $229,688 | 6/1/2010 |
| Northern Rock | Bank | 4249 | £50,214 | $78,460 | 8/1/2010 |
| Santander | Bank | 1566 | £35,244 | $55,068 | 6/1/2010 |
| | | | Total | $1,020,414 | |

**RESPONSE:** Admits all, except that the balance of the HSBC accounts ending in x5957, x5841, and x5930, each had $76,562 in them, not $76,563.

**REQUEST NO. 4.** During 2010 defendant received interest and dividends from the U .K. accounts in the respective amounts of $3,999 and $332.

**RESPONSE:** Admits.

**REQUEST NO. 5.** Defendant hired Mylene Snyder, an enrolled agent, to prepare her Form 1040, U.S. Individual Income Tax Return, for the 2010 tax year.

**RESPONSE:** Admits.

{00100159.DOCX}

3

**REQUEST NO. 6.** While preparing defendant's 2010 income tax return, Ms. Snyder asked defendant about defendant's sources of income in 2010.

**RESPONSE:** Admits.

**REQUEST NO. 7.** Defendant did not disclose to Ms. Snyder interest and dividends attributable to the U.K. accounts before filing her 2010 income tax return.

**RESPONSE:**  Admits, provided that the definition of the word "return" is the defendant's originally filed 2010 income tax return.

**REQUEST NO. 8.** Defendant did not disclose to Ms. Snyder the existence of the U.K. accounts before filing her 2010 income tax return.

**RESPONSE:** Admits, provided that the definition of the word "return" is the defendant's originally filed 2010 income tax return.

**REQUEST NO. 9.** Defendant timely filed her 2010 income tax return on or around April 15, 2011.

**RESPONSE:** Admits.

**REQUEST NO. 10.** Defendant included a Schedule B, Interest and Dividends, with her 2010 income tax return.

**RESPONSE:** Denies, provided that the definition of the word "return" is the defendant's originally filed 2010 income tax return.

**REQUEST NO. 11.** The Schedule B attached to defendant's 2010 income tax return requested that defendant report any domestic or foreign interest or dividends that she received during 2010.

{00100159.DOCX}

4

**RESPONSE:** Denies, provided that the definition of the word "return" is the defendant's originally filed 2010 income tax return.

**REQUEST NO. 12**. Defendant did not report the interest or dividends from the U.K. accounts on the Schedule B of her 2010 income tax return.

**RESPONSE:** Admits, provided that the definition of the word "return" is the defendant's originally filed 2010 income tax return.

**REQUEST NO. 13.** Defendant reported $106 of interest income from U.S. sources on Schedule B of her 2010 income tax return.

**RESPONSE:** Denies, provided that the definition of the word "return" is the defendant's originally filed 2010 income tax return.

**REQUEST NO. 14.** Question 7a of the Schedule B attached to defendant's 2010 income tax return asked defendant to state whether she "[a]t any time during 2010 ... [had] a financial interest in or signature authority over a financial account (such as a bank account, securities account, or brokerage account) located in a foreign country," to which defendant responded, under penalty of perjury, "no."

**RESPONSE:** Denies, provided that the definition of the word "return" is the defendant's originally filed 2010 income tax return.

**REQUEST NO. 15**. Defendant did not file an IRS Form TD F 90-22.1 disclosing the U.K. accounts for the 2010 tax year by June 30, 2011, the deadline for doing so.

**RESPONSE:** Admits.

{00100159.DOCX}

5

**REQUEST NO. 16.** In March of 2012 defendant applied to the IRS's Offshore Voluntary Disclosure Program and disclosed the U.K. accounts to the IRS.

**RESPONSE:** Admits that defendant applied to the IRS's Offshore Voluntary Disclosure Program in 2012 for purposes of disclosing her U.K. accounts to the IRS, but denies that she applied in March of 2012.

**REQUEST NO. 17.** The Offshore Voluntary Disclosure Program was an IRS initiative aimed at providing a predictable, uniform penalty structure to taxpayers who voluntarily reported previously undisclosed foreign accounts and assets.

**RESPONSE:** Admits that the program was created for purposes of allowing taxpayers to voluntarily report previously undisclosed foreign accounts and assets, but denies that it unqualifiedly provided a predictable and uniform penalty structure for taxpayers who participated.

**REQUEST NO. 18**. On or around October 18, 2012, defendant submitted delinquent IRS Forms TD F 90-22.1 for the 2004 through 2011 tax years that disclosed the U.K. accounts.

**RESPONSE:** Admits that on or around October 18, 2012 defendant submitted delinquent IRS Form TD F 90-22.1 for the 2004 through 2010 tax years that disclosed the U.K. accounts.  Denies that the 2011 Form TD F 90-22.1 was filed in October of 2012; the 2011 Form TD F 90-22.1 was timely filed in June of 2012.

**REQUEST NO. 19**. In March of 2014, defendant requested to "opt out" of the Offshore Voluntary Disclosure Program.

{00100159.DOCX}

6

**RESPONSE:** Admits.

**REQUEST NO. 20.** The IRS approved defendant's request to opt out of the Offshore Voluntary Disclosure Program in or around September of 2014.

**RESPONSE:** Admits.

**REQUEST NO. 21.** By opting out of the Offshore Voluntary Disclosure Program, defendant agreed that the IRS would examine her 2004 through 2011 tax returns for, among other things, unreported income attributable to the U.K. accounts.

**RESPONSE:** Admits.

**REQUEST NO. 22.** The IRS's examination proposed adjustments to defendant's 2004, 2005, 2006, 2007, 2008, 2009, 2010, and 2011 income tax returns stemming from income (i.e., interest and dividends) attributable to the U.K. accounts in the respective amounts of $3,416, $7,349, $5,550, $4,008, $3,769, $3,190, $4,331, and $1,463.

**RESPONSE:** Admits.

**REQUEST NO. 23.** On or around March 4, 2015, defendant consented, in writing, to the IRS's proposed adjustments to her 2004 through 2011 income tax returns.

**RESPONSE:** Admits.

**REQUEST NO. 24.** By statute, the IRS was authorized to assess civil penalties under 31 U.S.C. § 5321(a) (FBAR penalties) with respect to defendant's failure to file a 2010 Form TD F 90-22.1 no later than June 30, 2017.

{00100159.DOCX}

7

**RESPONSE:** Admits.

**REQUEST NO. 25.** On June 9, 2016, the IRS assessed FBAR penalties under 31 U.S.C. §5321(a)(5) in the aggregate amount of $47,279 with respect to defendant's 2010 tax year.

**RESPONSE:** Admits.

**REQUEST NO. 26**. A true and correct copy of an IRS Form 13448, Penalty Assessment Certification, relating to the FBAR penalties assessed against defendant for 2010 is attached as Exhibit 1.

**RESPONSE:** Admits.

**REQUEST NO. 27.** A properly authorized individual assessed defendant's FBAR penalties for 2010.

**RESPONSE:** Admits.

**REQUEST NO. 28.** The FBAR penalties assessed against defendant for 2010 were as follows:

| Financial Institution | Acct Type | Last 4 Digits of Account No. | Amount of Penalty |
|---|---|---|---|
| NS&1 Bonds | Bonds | 7712 | $3,425 |
| Invesco Perpetual | Securities | 1187 | $1,102 |
| Henderson Global Investors | Securities | 6613 | $253 |

{00100159.DOCX}

8

| Henderson Global Investors | Securities | 2526 | $191 |
|---|---|---|---|
| Baille Gifford | Securities | 3389 | $2,323 |
| Halifax | Bank | 2144 | $4,985 |
| Halifax | Bank | 6282 | $5,000 |
| HSBC | Bank | 3099 | $5,000 |
| HSBC | Bank | 5957 | $5,000 |
| HSBC | Bank | 5841 | $5,000 |
| HSBC | Bank | 5930 | $5,000 |
| Northern Rock | Bank | 4249 | $5,000 |
| Santander | Bank | 1566 | $5,000 |
| | | Total | $47,289 |

**RESPONSE:** Admits, but denies that the total adds up to $47,289.

**REQUEST NO. 29.** The IRS did not assess FBAR penalties for defendant's 2004, 2005, 2006, 2007, 2008, 2009, or 2011 tax years.

**RESPONSE:** Admits.

Respectfully submitted,

Law Offices of A. Lavar Taylor, LLP

Dated: 9/5/2018

JONATHAN T. AMITRANO

Attorneys for Defendant,
Jane Boyd

{00100159.DOCX}

9

# PROOF OF SERVICE

I am a resident of and employed in the County of Orange, State of California. I am over the age of 18 and am not a party to the within action. I am currently employed by the Offices of A. Lavar Taylor. My business address is 3 Hutton Center, Suite 500, Santa Ana, CA 92707.

On __9|5|2018__, I served the **DEFENDANT JANE BOYD'S RESPONSE TO FIRST REQUEST FOR ADMISSIONS BY PLAINTIFF UNITED STATES OF AMERICA**, on all interested parties in said action, as follows:

( ) By way of the United States District Court's CM/ECF System:

(X) By enclosing a copy in an envelope addressed to the recipient named below and placing the envelope for collection and mailing using ordinary office practices. I am readily familiar the office practice for collection and processing correspondence for mailing. Under our practice, mail is deposited on the date of service in the ordinary course of business with the U.S. Postal Service in Santa Ana, California, within a sealed envelope and with the postage fully prepaid:

John D. Ellis, AUSA
U.S.'s Attorney's Office
Federal Building, Suite 7211
300 N. Los Angeles Street
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service has been made.

Executed on: __9|5|2018__, Santa Ana, California

BY: _Magdalena Allen-Reimers_
Magdalena Allen-Reimers

{00100159.DOCX}

10

1  A. LAVAR TAYLOR (CA SBN # 129512)
2  JONATHAN T. AMITRANO  (CA SBN # 283389)
   Law Offices of A. Lavar Taylor LLP
3  3 Hutton Centre Drive, Suite 500
   Santa Ana, CA 92707
4      Telephone:  (714) 546-0445
5      Facsimile:   (714) 546-2604
       E-mail: ltaylor@taylorlaw.com
6      E-mail: jamitrano@taylorlaw.com
7
8  Attorneys for Defendant Jane Boyd

9              UNITED STATES DISTRICT COURT
10
            CENTRAL DISTRICT OF CALIFORNIA
11
12                 WESTERN DIVISION

13  UNITED STATES OF AMERICA,        CASE NO. 2:18-cv-00803-MWF-JEM
14
                Plaintiff,           **DEFENDANT JANE BOYD'S**
15                                   **RESPONSE TO**
16       v.                          **INTERROGATORIES  OF**
                                     **PLAINTIFF UNITED STATES OF**
17  JANE BOYD,                       **AMERICA PURSUANT TO FED.**
                                     **R. CIV. P. 33**
18
19              Defendant.
20

21
22   **PROPOUNDING PARTY:**    **UNITED STATES OF AMERICA**

23   **RESPONDING PARTY:**     **JANE BOYD**
24
25   **SET NUMBER:**           **ONE**

26  Defendant JANE BOYD, as an individual, by and through her undersigned counsel,
27  hereby submits her response to the United State of America's First Set of
28
   {00103647.DOCX}

                                   1

                              **EXHIBIT**
                              **4**

Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 1:** Do you contend that the reasonable cause exception described in 31 U.S.C. § 5321(a)(5)(B)(ii) applies to the civil penalties that are the subject of this case?

**RESPONSE TO INTERROGATORY NO. 1:**   Ms. Boyd does not contend that reasonable cause as described in 31 U.S.C. § 5321(a)(5)(B)(ii) applies to the civil penalties that are the subject of this case.  Ms. Boyd will not be raising the issue of reasonable cause in this case.  The undersigned counsel discussed this set of interrogatories with AUSA Ellis on November 13, 2018.  During our discussion it was decided that the remaining interrogatories, interrogatories numbered 2 through 22, are withdrawn in light of the fact that Ms. Boyd is not raising the issue of reasonable cause in the present case.  If the undersigned counsel has misunderstood the discussion that took place on November 13, 2018, please contact our office and we will immediately respond to the interrogatories numbered 2 through 22.

Respectfully submitted,

Law Offices of A. Lavar Taylor, LLP

JONATHAN T. AMITRANO

Attorneys for Defendant Jane Boyd

{00103647.DOCX}

2

# PROOF OF SERVICE BY MAILING

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Santa Ana, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 3 Hutton Centre Drive, Suite 500, Santa Ana, California 92707.

On November 14, 2018, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED: **DEFENDANT JANE BOYD'S RESPONSE TO INTERROGATORIES OF PLAINTIFF UNITED STATES OF AMERICA PURSUANT TO FED. R. CIV. P. 33**

SERVED UPON:    John D. Ellis, Esq.
                Assistant United States Attorney
                U.S. Attorney's Office
                300 N. Los Angeles St., Suite 7211
                Los Angeles, CA 90012

[X]    (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Santa Ana, California. I am readily familiar with the business' practice for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day it is placed for collection.

[ ]    (BY FACSIMILE) The above-referenced document was transmitted by facsimile transmission to _____ and the transmission was reported as completed and without error. Pursuant to C.R.C. 2009(i), I either caused, or had someone cause, the transmitting machine to properly transmit the attached documents to the following facsimile number:

[ ]    (STATE) I declare under penalty or perjury under the laws of the State of California that the above is true and correct.

[X]    (FEDERAL) I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on November 14, 2018 at Santa Ana, California.

                                        _Magdalena Allen-Reimers_
                                        MAGDALENA ALLEN-REIMERS

{00103647.DOCX}

THOMSON REUTERS
CHECKPOINT

Department of the Treasury
Internal Revenue Service

INTERNAL REVENUE MANUAL (IRM)
as in effect December 2014

Part 4 - Examining Process

Chapter 4.26 - Bank Secrecy Act
4.26.16 - Report of Foreign Bank and Financial Accounts (FBAR)
4.26.16.4 - FBAR Penalties

4.26.16.4.4 - Non-Willfulness Penalty (07-01-2008)

(1) For violations occurring after October 22, 2004, a new penalty applies to individuals as well as businesses. 31 U.S.C. § 5321(a)(5)(A). A penalty, not to exceed $10,000, may be imposed on any person who violates or causes any violation of the FBAR filing and recordkeeping requirements.

(2) The penalty should not be imposed if:

(a.) The violation was due to reasonable cause, and

(b.) The balance in the account was properly reported on an FBAR. This means that the examiner must receive the delinquent FBARs from the nonfiler in order to avoid application of the non-willfulness penalty.

(3) The ceiling allows the examiner discretion in determining the penalty. Mitigation guidelines have been developed as a guide to examiners in asserting the appropriate non-willfulness penalty amount. See the discussion of the mitigation guidelines below. See Exhibit 4.26.16-1 through 4. As with the FBAR penalty for willful violations, examiners are to use discretion, taking into account the facts and circumstances of each case, in determining whether a warning letter or penalties that are less than the total amounts provided for in the mitigation guidelines are appropriate. The sole purpose for the FBAR penalties is to serve as a tool to promote compliance with respect to the FBAR reporting and recordkeeping requirements.

(4) A filing violation occurs on June 30th of the year following the calendar year to be reported (that is, on the due date for filing the FBAR).

**EXHIBIT 5**

(5) A recordkeeping violation occurs on the date when the records are requested by the IRS examiner if the records are not later provided.

---

**End of Document**                        © 2019 Thomson Reuters. No claim to original U.S. Government Works.

Case 2:18-cv-00803-MWF-JEM   Document 31-1   Filed 02/11/19   Page 22 of 28   Page ID #:130

4.26.16.4.7 - FBAR Penalties - Examiner Discretion..., 2014 WL 7993533...



THOMSON REUTERS
CHECKPOINT

Department of the Treasury
Internal Revenue Service

INTERNAL REVENUE MANUAL (IRM)
as in effect December 2014

Part 4 - Examining Process

Chapter 4.26 - Bank Secrecy Act
4.26.16 - Report of Foreign Bank and Financial Accounts (FBAR)
4.26.16.4 - FBAR Penalties

4.26.16.4.7 - FBAR Penalties - Examiner Discretion (07-01-2008)

(1) The examiner may determine that the facts and circumstances of a particular case do not justify asserting a penalty. If there was an FBAR violation but the examiner determines that a penalty is not appropriate, the examiner should issue the FBAR warning letter, Letter 3800.

(2) When a penalty is appropriate, IRS has established penalty mitigation guidelines to aid the examiner in applying penalties in a uniform manner. The examiner may determine that a penalty under these guidelines is not appropriate or that a lesser penalty amount than the guidelines would otherwise provide is appropriate or that the penalty should be increased (up to the statutory maximum). The examiner must make such a determination with the written approval of the examiner's manager and document the decision in the workpapers.

(3) Factors to consider when applying examiner discretion may include, but are not limited to, the following:

(a.) Whether compliance objectives would be achieved by issuance of a warning letter;

(b.) Whether the person who committed the violation had been previously issued a warning letter or has been assessed the FBAR penalty;

(c.) The nature of the violation and the amounts involved; and,

(d.) The cooperation of the taxpayer during the examination.

EXHIBIT
6

(4) Given the magnitude of the maximum penalties permitted for each violation, the assertion of multiple penalties and the assertion of separate penalties for multiple violations with respect to a single FBAR form, should be considered only in the most egregious cases.

---

**End of Document**                                       © 2019 Thomson Reuters. No claim to original U.S. Government Works.

Case 2:18-cv-00803-MWF-JEM   Document 31-1   Filed 02/11/19   Page 24 of 28   Page ID #:132

4.26.16.4.6.2 - Mitigation of the Non-willful FBAR Penalty..., 2014 WL 7993522...


THOMSON REUTERS
CHECKPOINT

Department of the Treasury
Internal Revenue Service

INTERNAL REVENUE MANUAL (IRM)
as in effect December 2014

Part 4 - Examining Process

Chapter 4.26 - Bank Secrecy Act
4.26.16 - Report of Foreign Bank and Financial Accounts (FBAR)
4.26.16.4 - FBAR Penalties
4.26.16.4.6 - Mitigation

4.26.16.4.6.2 - Mitigation of the Non-willful FBAR Penalty (07-01-2008)

(1) IRS has developed penalty mitigation guidelines for the computation of the non-willfulness penalty regarding FBAR violations occurring after October 22, 2004. See Exhibit 4.26.16-2.

(2) The same mitigation threshold requirements apply as discussed above in this Section.

(3) There are three penalty levels depending on the highest amount in the account during the period for which the FBAR should have been filed.

(4) If the aggregate balance of all accounts held during the year does not exceed $50,000, then the penalty for each violation is $500, not to exceed a total of $5,000 in penalties.

(5) If the aggregate balance of the accounts is over $50,000, but less than $250,000, the penalty is, per violation, the lesser of $5,000 or ten per cent of the highest balance in the account during the year for which the account should have been reported.

(6) For violations regarding an account exceeding $250,000, the penalty per violation is the statutory maximum of $10,000.

EXHIBIT
7

Case 2:18-cv-00803-MWF-JEM   Document 31-1   Filed 02/11/19   Page 25 of 28   Page ID
#:133

4.26.16.4.6.2 - Mitigation of the Non-willful FBAR Penalty..., 2014 WL 7993522...

**End of Document**                              © 2019 Thomson Reuters. No claim to original U.S. Government Works.

Case 2:18-cv-00803-MWF-JEM   Document 31-1   Filed 02/11/19   Page 26 of 28   Page ID #:134

4.26.16-2 Normal FBAR Penalty Mitigation Guidelines for..., 2014 WL 7993538...



Department of the Treasury
Internal Revenue Service

INTERNAL REVENUE MANUAL (IRM)
as in effect December 2014

Part 4 - Examining Process

Chapter 4.26 - Bank Secrecy Act
4.26.16 - Report of Foreign Bank and Financial Accounts (FBAR)

4.26.16-2 Normal FBAR Penalty Mitigation Guidelines for Violations Occurring After October 22, 2004 (07-01-2008)

The Bank Secrecy Act (BSA) allows the Secretary of the Treasury some discretion in determining the amount of penalties for violations of the FBAR reporting and record keeping requirements. There is a penalty ceiling but no minimum amount. This discretion has been delegated to the FBAR examiner.

• The examiner may determine that the facts and circumstances of a particular case do not justify a penalty.

• If there was an FBAR violation but no penalty is appropriate, the examiner should issue the FBAR warning letter, Letter 3800.

When a penalty is appropriate, IRS has established penalty mitigation guidelines so that the penalties determined through the examiner's discretion are uniform. The examiner may determine that:

• A penalty under these guidelines is not appropriate, or

• A lesser amount than the guidelines would otherwise provide is appropriate.

The examiner must make this determination with the written approval of the examiner's manager. The examiner's workpapers must document the circumstances that make mitigation of the penalty under these guidelines appropriate. To qualify for mitigation, the person must meet four criteria:

() The person has no history of criminal tax or BSA convictions for the preceding ten years and has no history of prior FBAR penalty assessments;

() No money passing through any of the foreign accounts associated with the person was from an illegal source or used to further a criminal purpose;

() The person cooperated during the examination; and,

EXHIBIT
8

Case 2:18-cv-00803-MWF-JEM   Document 31-1   Filed 02/11/19   Page 27 of 28   Page ID #:135

4.26.16-2 Normal FBAR Penalty Mitigation Guidelines for..., 2014 WL 7993538...

() IRS did not determine a fraud penalty against the person for an underpayment of income tax for the year in question due to the failure to report income related to any amount in a foreign account

**Normal FBAR Penalty Mitigation Guidelines for Violations Occurring After October 22, 2004 - Per Person Per Year**

**Non-Willful (NW) Penalties**

| | |
|---|---|
| To Qualify for Level I-NW - Determine Aggregate Balances | If the maximum aggregate balance for all accounts to which the violations relate did not exceed $50,000 at any time during the year, Level I – NW applies to all violations. Determine the maximum balance at any time during the calendar year for each account. Add the individual maximum balances to find the maximum aggregate balance. |
| Level I-NW Penalty is | $500 for each violation, not to exceed an aggregate penalty of $5,000 for all violations. |
| To Qualify for Level II-NW - Determine Account Balance | If Level I-NW does not apply and if the maximum balance of the account to which the violations relate at any time during the calendar year did not exceed $250,000, Level II-NW applies to that account. |
| Level II-NW Penalty is | $5,000 for each Level II-NW account violation, not to exceed 10% of the maximum balance in the account during the year |
| To Qualify for Level III-NW | If Level I-NW does not apply and if the maximum balance of the account to which the violations relate at any time during the calendar year was more than $250,000, Level III-NW applies to that account. |
| Level III-NW is | $10,000 for each Level III-NW account violation, the statutory maximum for non-willful violations. |

**Willfulness Penalties**

| | |
|---|---|
| To Qualify for Level I - Determine Aggregate Balances | If the maximum aggregate balance for all accounts to which the violations relate did not exceed $50,000, Level I applies to all accounts . Determine the maximum balance at any time during the calendar year for each account. Add the individual maximum balances to find the maximum aggregate balance. |
| Level I Penalty is | The greater of $1,000 per violation or 5% of the maximum balance during the year of the account to which the violations relate for each violation. |
| To Qualify for Level II – Determine Account Balance | If Level I does not apply and if the maximum balance of the account to which the violations relate at any time during the calendar year did not exceed $250,000, Level II applies to that account . |

Case 2:18-cv-00803-MWF-JEM   Document 31-1   Filed 02/11/19   Page 28 of 28   Page ID #:136

4.26.16-2 Normal FBAR Penalty Mitigation Guidelines for..., 2014 WL 7993538...

| | |
|---|---|
| Level II Penalty is per account | The greater of $5,000 per violation or 10% of the maximum balance during the calendar year for each Level II account . |
| To Qualify for Level III | If the maximum balance of the account to which the violations relate at any time during the calendar year exceeded $250,000 but did not exceed $1,000,000, Level III applies to that account . |
| Level III Penalty is per account.<br><br>(a) 10% of the maximum balance during the calendar year for each Level III account, or<br><br>(b) 50% of the closing balance in the account as of the last day for filing the FBAR . | The greater of (a) or (b): |
| To Qualify for Level IV | If the maximum balance of the account to which the violations relate at any time during the calendar year exceeded $1 million, Level IV, the statutory maximum, applies to that account. |
| Level IV Penalty is per account the statutory maximum<br><br>(a) $100,000, or<br><br>(b) 50% of the closing balance in the account as of the last day for filing the FBAR. | The greater of (a) or (b): |

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.