A. LAVAR TAYLOR (CA SBN # 129512)
Email: ltaylor@taylorlaw.com
JONATHAN T. AMITRANO (CA SBN # 283389)
Email: jamitrano@taylorlaw.com
Law Offices of A. Lavar Taylor, LLP
3 Hutton Centre Drive, Suite 500
Santa Ana, CA 92707
Telephone: (714) 546-0445
Facsimile: (714) 546-2604

Attorneys for Defendant Jane Boyd

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JANE BOYD,<br><br>Defendant | Case No. 2:18-cv-00803-MWF-JEM<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO LOCAL RULE 56-1**<br><br>**Hearing Date:** March 11, 2019<br>**Time:** 10:00 a.m.<br>**Judge:** Hon. Michael W. Fitzgerald<br>**Courtroom:** 5A |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56-1, Defendant Jane Boyd ("Defendant" or "Ms. Boyd") hereby submits her Separate Statement of Uncontroverted Facts and Conclusions of Law in support of her Motion for Summary Judgment.

## Statement of Uncontroverted Facts

| Uncontroverted Material Facts | Supporting Evidence |
|---|---|
| 1. During tax year 2010 the Defendant had a financial interest in, signatory authority over, and otherwise controlled fourteen financial accounts in the United Kingdom. | Declaration of Jonathan T. Amitrano, ¶7, Exhibit E, Defendant's Response to Plaintiff's Request for Admissions, Request No. 3. |
| 2. In 2010, Defendant's UK bank accounts had an aggregate balance that exceeded $10,000. | Complaint to Reduce Federal Penalty Assessment to Judgment, ¶11; Defendant's Answer to Complaint, ¶11. |
| 3. Defendant was required by law to file an FBAR disclosing her financial interest in her fourteen UK bank accounts for 2010, but failed to timely do so. | Complaint to Reduce Federal Penalty Assessment to Judgment, ¶12. Defendant's Answer to Complaint, ¶12; Declaration of Jonathan T. Amitrano, ¶7, Exhibit E, Defendant's Response to Plaintiff's Request for Admissions, Request No. 3 & 15. |
| 4. In 2012 the Defendant applied to the IRS's Offshore Voluntary Disclosure Program and disclosed the U.K. accounts to the IRS. | Declaration of Jonathan T. Amitrano, ¶7, Exhibit E, Defendant's Response to Plaintiff's Request for Admissions, Request No. 16. |
| 5. The IRS Offshore Voluntary Disclosure Program was for taxpayers to voluntarily report previously undisclosed foreign accounts and assets. | Declaration of Jonathan T. Amitrano, ¶7, Exhibit E, Defendant's Response to Plaintiff's Request for Admissions, Request No. 17. |
| 6. On or around October 18, 2012, Defendant submitted to the IRS a delinquent FBAR for tax year 2010. | Declaration of Jonathan T. Amitrano, ¶7, Exhibit E, Defendant's Response to Plaintiff's Request for Admissions, Request No. 18. |
| 7. Defendant's 2010 FBAR reported a total of fourteen foreign financial accounts. | Declaration of Jonathan T. Amitrano, ¶4, Exhibit B, Plaintiff's Response to Defendant's Request for Production of Documents, pages 0310 to 0313. |

| | |
|---|---|
| 8. On January 21, 2014, IRS Revenue Agent Palladino sampled the 2010 FBAR provided by the Defendant and found that the FBAR was substantially correct. | Declaration of Jonathan T. Amitrano, ¶6, Exhibit D, Plaintiff's Response to Defendant's Request for Production of Documents, pages 0247 to 0248. |
| 9. During the examination of Defendant's FBAR compliance the IRS determined that Ms. Boyd's lack of FBAR compliance was eligible for level II NW (non-willful) mitigation. | Declaration of Jonathan T. Amitrano, ¶9, Exhibit G, Plaintiff's Response to Defendant's Requests for Admissions, Request No. 8 & 9. |
| 10. With respect to Defendant's failure to file a 2010 FBAR, the IRS was authorized to assess civil penalties against the Defendant no later than June 30, 2017. | Declaration of Jonathan T. Amitrano, ¶7, Exhibit E, Defendant's Response to Plaintiff's Request for Admissions, Request No. 24. |
| 11. On February 3, 2015 the IRS sent a letter to Ms. Boyd proposing a $47,279 FBAR penalty against her for tax year 2010. | Declaration of Jonathan T. Amitrano, ¶3, Exhibit A, Plaintiff's Response to Defendant's Request for Production of Documents, pages 0279 to 0285. |
| 12. Attached to the February 3, 2015 letter was Form 13348 which outlined the proposed penalty computation. | Declaration of Jonathan T. Amitrano, ¶3, Exhibit A, Plaintiff's Response to Defendant's Request for Production of Documents, pages 0279 to 0285. |
| 13. The proposed $47,279 FBAR penalty for 2010 was computed by taking 10% of the highest account balance for each account for tax year 2010, up to a maximum penalty of $5,000 per account. | Declaration of Jonathan T. Amitrano, ¶3, Exhibit A, Plaintiff's Response to Defendant's Request for Production of Documents, pages 0279 to 0285. |
| 14. On June 9, 2016, a delegate of the Secretary of Treasury made a federal FBAR penalty assessment against Defendant for the 2010 calendar year in the amount of $47,279.00. | Declaration of Jonathan T. Amitrano, ¶7, Exhibit E, Defendant's Response to Plaintiff's Request for Admissions, Request No. 25 & 26. |
| 15. The 2010 FBAR penalty assessed against the Defendant was a non-willful FBAR penalty. | Declaration of Jonathan T. Amitrano, ¶9, Exhibit G, Plaintiff's Response to Defendant's Requests for Admissions, Request No. 6. |

| | |
|---|---|
| 16. The $47,279 penalty assessment consists of thirteen (13) separate FBAR penalties for tax year 2010. | Declaration of Jonathan T. Amitrano, ¶9, Exhibit G, Plaintiff's Response to Defendant's Requests for Admissions, Request No. 7. |
| 17. Each of the thirteen penalties related to a foreign financial account held by the Defendant which was not timely disclosed on her 2010 FBAR. | Declaration of Jonathan T. Amitrano, ¶9, Exhibit G, Plaintiff's Response to Defendant's Requests for Admissions, Request No. 7. |
| 18. In assessing the thirteen separate FBAR penalties against the defendant, the IRS treated each account that was not listed on a timely filed FBAR as a separate non-willful violation. | Declaration of Jonathan T. Amitrano, ¶9, Exhibit G, Plaintiff's Response to Defendant's Requests for Admissions, Request No. 8. |
| 19. As of the date of the 2010 FBAR penalty assessment against the Defendant, the IRS Internal Revenue Manual provided that the maximum non-willful level II mitigation penalty was $5,000 per violation. | Declaration of Jonathan T. Amitrano, ¶9, Exhibit G, Plaintiff's Response to Defendant's Requests for Admissions, Request No. 10. |
| 20. While the Defendant held a total of fourteen (14) foreign financial accounts, the IRS only assessed penalties for thirteen (13) of the accounts. | Declaration of Jonathan T. Amitrano, ¶7, Exhibit E, Defendant's Response to Plaintiff's Request for Admissions to Plaintiff, Request No. 3 & 28. |
| 21. On January 31, 2018, the Plaintiff filed the present suit against the Defendant. | Complaint to Reduce Federal Penalty Assessment to Judgment. |

## **Proposed Conclusions of Law**

| | |
|---|---|
| 1. The failure to file an FBAR for a specific year constitutes a single "violation" of 31 U.S.C. § 5321(a)(5). | 31 U.S.C. § 5321(a)(5). |
| 2. The non-willful penalty for failing to file an FBAR for a single year cannot exceed $10,000, regardless of the number of foreign accounts held by the defendant. | 31 U.S.C. § 5321(a)(5). |

| | |
|---|---|
| 3. The plaintiff is required to comply with its own mitigation guildelines pursuant to the *Accardi* Doctrine, and as such, the penalty in the present matter is limited to $5,000, prior to any credits for payments made. | *Accardi* Doctrine. |

Respectfully submitted this 11th day of February, 2019.

/s/A. Lavar Taylor (with permission)
A. LAVAR TAYLOR

/s/Jonathan T. Amitrano_____
JONATHAN T. AMITRANO

Attorneys for Defendant,
Jane Boyd