UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** CV 18-803-MWF (JEMx) | | **Date:**  April 23, 2019 |
| **Title:** | United States of America v. Jane Boyd | |

**Present:**   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):**   ORDER RE: MOTION FOR SUMMARY JUDGMENT [31]; MOTION FOR SUMMARY JUDGMENT [32]

Before the Court is Plaintiff United States of America's Motion for Summary Judgment (the "Government Motion"), filed on February 11, 2019.  (Docket No. 31). Defendant Jane Boyd filed an Opposition on February 19, 2019.  (Docket No. 36).  The Government filed a Reply on February 25, 2019.  (Docket No. 40).

Also before the Court is Defendant's Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 (the "Boyd Motion"), filed on February 11, 2019. (Docket No. 32).  The Government filed an Opposition on February 19, 2019.  (Docket No. 37).  Defendant filed a Reply on February 25, 2019.  (Docket No. 41).

The Court reviewed and considered the papers submitted on the Motions and held a hearing on March 11, 2019.

For the reasons discussed below, the Government Motion is **GRANTED** and the Boyd Motion is **DENIED**.  Each non-willful FBAR violation relates to a foreign financial account, and the IRS may penalize each such violation with a penalty not to exceed $10,000.

## I.   BACKGROUND

The relevant facts set forth below are undisputed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-803-MWF (JEMx)　　　　　　Date:  April 23, 2019
Title:　　United States of America v. Jane Boyd

　　Defendant Jane Boyd is a United States citizen. (Plaintiff's Statement of Uncontroverted Facts ("Plaintiff's UF") No. 4 (Docket No. 31-7)). During 2010, Boyd had a financial interest in, signatory authority over, and/or otherwise controlled 14 financial accounts in the United Kingdom. (*Id.* No. 5). The U.K. accounts had collective balances in excess of $10,000. (*Id.* No. 6). In 2010, Boyd received interest and dividends from the U.K. accounts. (*Id.* No. 7). Boyd, however, did not report the interest and dividends on her 2010 federal income tax return, nor did she otherwise disclose the existence of her U.K. accounts on the return. (*Id.* Nos. 8-9).

　　Boyd was required by law to file a Foreign Bank and Financial Accounts ("FBAR") form disclosing her financial interest in her fourteen U.K. bank accounts for 2010, but failed to timely do so. (Defendant's Statement of Uncontroverted Facts ("Defendant's UF") No. 3 (Docket No. 34)).

　　In 2012, Boyd submitted an application to participate in the Internal Revenue Service's ("IRS") Offshore Voluntary Disclosure Program ("OVDP"), an IRS initiative intended to provide a predictable and uniform penalty structure for taxpayers who wished to voluntarily report previously undisclosed offshore financial accounts. (Plaintiff's UF No. 10). Boyd was accepted into the OVDP and submitted, in October of 2012, a delinquent FBAR for the 2010 calendar year. (*Id.* No. 11). Around the same time, Boyd amended her 2010 federal income tax return to reflect the interest and dividends she received from the U.K. accounts. (*Id.* No. 12).

　　In March of 2014, Boyd requested to opt out of the OVDP. (*Id.* No. 13). The IRS agreed to allow Boyd to opt out of the OVDP. (*Id.* No. 14). Opting out of the OVDP meant that the IRS would examine Boyd's income tax returns for the years for which no FBAR was submitted. (*Id.* No. 15). In addition, the IRS would determine whether to assert FBAR penalties against Boyd. (*Id.* No. 16).

　　The IRS eventually concluded that Boyd had committed thirteen FBAR violations but that she had not violated her reporting requirements willfully. (*Id.* No. 17). The IRS further determined that Boyd was eligible to mitigate the FBAR

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 18-803-MWF (JEMx)          Date: April 23, 2019

Title:     United States of America v. Jane Boyd

penalties. (*Id.* No. 18). Specifically, it determined that she had satisfied four threshold conditions set forth in the Internal Revenue Manual ("IRM") and that she was eligible for Level II non-willful mitigation with respect to each of the U.K. accounts, since each account contained less than $250,000. (*Id.* No. 19).

On June 9, 2016, the IRS assessed the following penalties against Boyd:

|   | **Financial Institution** | **Acct Type** | **Last 4 Digits of Account No.** | **High Balance in 2010** | **Amount of Penalty** |
|---|---|---|---|---|---|
| 1. | NS&I Bonds | Bonds | 7712 | $34,251 | $3,425 |
| 2. | Invesco Perpetual | Securities | 1187 | $11,022 | $1,102 |
| 3. | Henderson Global Investors | Securities | 6613 | $2,531 | $253 |
| 4. | Henderson Global Investors | Securities | 2526 | $1,911 | $191 |
| 5. | Baille Gifford | Securities | 3389 | $23,232 | $2,323 |
| 6. | Halifax | Bank | 2144 | $49,845 | $4,985 |
| 7. | Halifax | Bank | 6282 | $70,322 | $5,000 |
| 8. | HSBC | Bank | 3099 | $234,398 | $5,000 |
| 9. | HSBC | Bank | 5957 | $76,562 | $5,000 |
| 10. | HSBC | Bank | 5841 | $76,562 | $5,000 |
| 11. | HSBC | Bank | 5930 | $76,562 | $5,000 |
| 12. | Northern Rock | Bank | 4249 | $78,460 | $5,000 |
| 13. | Santander | Bank | 1566 | $55,068 | $5,000 |
|   |   |   |   | Total | $47,279 |

(*Id.* No. 20). In assessing the thirteen separate FBAR penalties against Boyd, the IRS treated each account that was not listed on a timely filed FBAR as a separate non-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 18-803-MWF (JEMx)**　　　　　　**Date: April 23, 2019**
**Title:**　　United States of America v. Jane Boyd

willful violation. (Defendant's UF No. 18). The amount of each FBAR penalty was computed based on the highest balance contained in the relevant account during 2010. (Plaintiff's UF No. 21). For accounts containing $50,000 or more, the IRS asserted a $5,000 penalty. (*Id.* No. 22). For accounts containing less than $50,000, the IRS asserted a penalty equal to 10% of the high balance in the account. (*Id.* No. 23). On June 10, 2016, the IRS sent Boyd a letter demanding payment of the FBAR penalties. (*Id.* No. 24).

On January 31, 2018, the Government commenced this action seeking to reduce the penalty assessment to judgment, as well as late-payment penalties and interest assessed against Boyd. (*See* Complaint (Docket No. 1)).

## II.　　LEGAL STANDARD

In deciding a motion for summary judgment under Federal Rule of Civil Procedure 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Ninth Circuit has defined the shifting burden of proof governing motions for summary judgment where the non-moving party bears the burden of proof at trial:

> The moving party initially bears the burden of proving the absence of a genuine issue of material fact. Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence. The non-moving party must do more than show there is some "metaphysical

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 18-803-MWF (JEMx)           Date: April 23, 2019

Title:     United States of America v. Jane Boyd

doubt" as to the material facts at issue. In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor.

*Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1259 n.2 (9th Cir. 2016) (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)). "A motion for summary judgment may not be defeated, however, by evidence that is 'merely colorable' or 'is not significantly probative.'" *Anderson*, 477 U.S. at 249-50.

"When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

"[W]hen parties submit cross-motions for summary judgment, each motion must be considered on its own merits." *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (internal quotation marks and citations omitted) (holding that the district court erred in failing to consider evidence submitted on the plaintiffs' motion before ruling the defendants' motions). The Court therefore considers each Motion individually.

### III. GOVERNMENT MOTION

The parties do not dispute the facts giving rise to the 2010 FBAR penalty assessment against Defendant. Rather, the Government argues that the statutory maximum penalty of $10,000 under 31 U.S.C. § 5321(a)(5)(B) for non-willful violations relates to each foreign financial account. (Mot. at 9). In Opposition, Defendant contends that, if there is a non-willful failure to file an FBAR, the penalty cannot exceed $10,000, regardless of the number of bank accounts required to have been listed on the FBAR. (Opp. at 4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 18-803-MWF (JEMx)**                               **Date:  April 23, 2019**
**Title:**     United States of America v. Jane Boyd

Under 31 U.S.C. 5321(a)(5)(A), the Secretary of the Treasury may impose a civil money penalty "on any person who violates, or causes any violation of, any provision of section 5314." *Id.* "[T]he amount of any civil penalty imposed under subparagraph (A) [for non-willful violations] shall not exceed $10,000." *Id.* § 5321(a)(5)(B)(i).

Under Section 5314(a), "the Secretary of the Treasury shall require [U.S. citizens and others] . . . to keep records, file reports, or keep records and file reports, when the [U.S. citizen or other person] makes a transaction or maintains a relation for any person with a foreign financial agency." *Id.* Under corresponding regulations to section 5314(a), United States citizens must report on an annual basis any "financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country" exceeding $10,000. 31 C.F.R. § 1010.350(a); 31 C.F.R. 1010.306; 31 U.S.C. § 5314(a). The required form is the FBAR (TDF 90-22.1). *See* 31 C.F.R. § 1010.350(a); 31 U.S.C. § 5314(a).

A person who fails to timely file an FBAR form in accordance with 31 C.F.R. § 1010.350 may be assessed a civil monetary penalty. In 2004, the Treasury Secretary delegated to the IRS the authority to assess and collect FBAR penalties. *See* 31 C.F.R. § 1010.810(g). These penalties can be willful or non-willful. A penalty for a non-willful violation cannot exceed $10,000. 31 U.S.C. § 5321(a)(5)(B)(i). A penalty for a willful violation can be the greater of $100,000 or 50% of the balance in the account at the time of the violation. 31 U.S.C. § 5321(a)(5)(C)-(D).

When reviewing an accountholder's liability for FBAR penalties, courts have reviewed de novo. *See United States v. Williams*, No. 1:09-CV-437, 2010 WL 3473311, at *1 (E.D. Va. Sept. 1, 2010), *rev'd on other grounds*, 489 F. App'x 655 (4th Cir. 2012); *cf. United States v. Hom*, 45 F. Supp. 3d 1175, 1177 (N.D. Cal. 2014), *aff'd in part, rev'd in part on other grounds and remanded*, 657 F. App'x 652 (9th Cir. 2016). Courts have also reviewed the amount of the penalties for abuse of discretion. *See United States v. Williams*, No. 1:09-CV-00437, 2014 WL 3746497, at *1 (E.D. Va. June 26, 2014); *see also Moore v. United States*, No. C13-2063RAJ, 2015 WL 1510007, at *7 (W.D. Wash. Apr. 1, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 18-803-MWF (JEMx)**   **Date:  April 23, 2019**
**Title:**   United States of America v. Jane Boyd

The Government argues that the better interpretation of the relevant statutory and regulatory language is that each non-willful FBAR violation relates to a foreign financial account, and that the IRS may penalize each such violation with a penalty not to exceed $10,000.  (Mot. at 10).  The Court agrees.

In support of its argument, the Government points to the reasonable cause exception found in 31 U.S.C. § 5321(a)(B)(ii), which provides: "No penalty shall be imposed . . . with respect to any violation if . . . (I) such violation was due to reasonable cause, and (II) the amount of the transaction or the ***balance in the account*** at the time of the transaction was properly reported."  *Id.* (emphasis added).  The Government contends that Congress made clear that each violation relates to each "account," since Congress used the singular form of the word.  (Reply at 3).  In a similar vein, the Government points out that, with respect to willful violations, "an FBAR penalty can be the greater of $100,000 or 50% of the 'balance in the account at the time of the violation.'"  (Reply at 3 (citing 31 U.S.C. § 5321(a)(5)(C)-(D))).  The Government contends that, "[i]n each instance, Congress selected the singular forms of 'account' and 'balance,' indicating that a violation relates to one, and only one account."  (*Id.*).

In Opposition, Defendant argues that the plain language of 31 U.S.C. § 5321(a)(5)(B) supports her position that a non-willful penalty for a given year cannot exceed $10,000.  (Opp. at 4).  Defendant argues further that, had Congress intended to impose a penalty based on each bank account required to be shown on the FBAR, Congress could have easily included such explicit language.  (*Id.* at 5-6).

The Court disagrees with Defendant that the relevant statutory language clearly supports her position.  Rather, the Court views section 5321 as somewhat unclear as to whether the $10,000 negligence penalty applies per year or per account.  *See* 1 Robert S. Fink, *Tax Controversies—Audits, Investigations, Trials*, § 17.03 (2018) ("Section 5321 is unclear as to whether the $10,000 negligence penalty applies per year or per account.").  Nonetheless, given the relevant language the Government highlights above, the Court determines that the Government has advanced the more reasonable interpretation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 18-803-MWF (JEMx) | Date: April 23, 2019 |
| Title: United States of America v. Jane Boyd | |

Defendant next argues that if a violation relates to an account as the Government contends, the IRS could theoretically penalize an accountholder for *each* piece of information she fails to disclose regarding an account. (Opp. at 5). This question, however, is not presented in this action. In any event, the Government's position is that "one, and only one, FBAR penalty may be assessed with respect to an undisclosed or improperly disclosed foreign financial account." (Reply at 3).

At the hearing, the issue arose whether there is an administrative "rule of lenity." Defendant argued that there is, citing *Fed. Commc'ns Comm'n v. Am. Broad. Co.*, 347 U.S. 284, 296 (1954). The technical issue before the Supreme Court was whether a criminal statute, dually enforced by the Justice Department and the FCC, could be subject to a different and broader interpretation by the FCC for administrative purposes than the Justice Department used for criminal purposes. That is not exactly the issue before this Court.

The Ninth Circuit has observed that "tax provision[s] which impose[] a penalty [are] to be construed strictly; a penalty cannot be assessed unless the words of the provision plainly impose it." *Bradley v. United States*, 817 F.2d 1400, 1402-03 (9th Cir. 1987). Again, that is not exactly the issue here – there's no question that the civil penalty exists; that's the basis for this dispute. But *Bradley* and, to a lesser extent, *Federal Communications Commission* do support to the argument that a rule of lenity should apply here.

But that does not decide the issue. Even if a rule of lenity applies, that only dictates that the Court should choose the more lenient of two reasonable interpretations. In light of the prominence of "transactions" and "accounts" in the language of section 5321, the Court determines that the statute contemplates that the relationship with each foreign financial account constitutes the non-willful FBAR violation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-803-MWF (JEMx)  Date:  April 23, 2019
Title:    United States of America v. Jane Boyd

Because the Court determines that more than one FBAR violation may be assessed per year, the Court need not address Defendant's additional argument that the IRS is bound to follow the mitigation guidelines set forth in the IRM. And to the extent the Court determines that more than one FBAR violation may be assessed per year, the parties do not appear to dispute whether the IRS abused its discretion in determining the amount of each FBAR penalty. (*See* Opp. at 12; Reply at 3).

The Government did not rely on any deference under *Chevron* or *Skidmore* and neither does the Court. Any sort of deference to the agency would bolster the Government's position.

### IV.  BOYD MOTION

By her Motion, Defendant seeks summary judgment to the effect that the maximum penalty under 31 U.S.C. § 5321(a)(5) for a non-willful failure to timely file a single FBAR is $10,000. (Boyd Mot. at 1).

The Boyd Motion is **DENIED** for the same reasons that the Government's Motion was granted.

### V.  CONCLUSION

For the reasons set forth above, the Court rules upon the Motions as follows:

- The Government Motion is **GRANTED**.

- The Boyd Motion is **DENIED**.

A separate judgment shall issue.

IT IS SO ORDERED.