# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF DOCUMENT DISCREPANCIES

To: ☑ U.S. District Judge / ☐ U.S. Magistrate Judge   Michael W. Fitzgerald

From: Rita Sanchez/sjm , Deputy Clerk   Date Received: April 23, 2019

Case No.: CV 18-803 MWF (JEMx)   Case Title: United States of America v. Jane Boyd

Document Entitled: Letter from David Michaels, DTMTax

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

| | | |
|---|---|---|
| ☐ | Local Rule 5-4.1 | Documents must be filed electronically |
| ☐ | Local Rule 6-1 | Written notice of motion lacking or timeliness of notice incorrect |
| ☐ | Local Rule 7-19.1 | Notice to other parties of ex parte application lacking |
| ☐ | Local Rule 7.1-1 | No Certification of Interested Parties and/or no copies |
| ☐ | Local Rule 11-3.1 | Document not legible |
| ☐ | Local Rule 11-3.8 | Lacking name, address, phone, facsimile numbers, and e-mail address |
| ☐ | Local Rule 11-4.1 | No copy provided for judge |
| ☐ | Local Rule 11-6 | Memorandum/brief exceeds 25 pages |
| ☐ | Local Rule 11-8 | Memorandum/brief exceeding 10 pages shall contain table of contents |
| ☐ | Local Rule 15-1 | Proposed amended pleading not under separate cover |
| ☐ | Local Rule 16-7 | Pretrial conference order not signed by all counsel |
| ☐ | Local Rule 19-1 | Complaint/Petition includes more than 10 Does or fictitiously named parties |
| ☐ | Local Rule 56-1 | Statement of uncontroverted facts and/or proposed judgment lacking |
| ☐ | Local Rule 56-2 | Statement of genuine disputes of material fact lacking |
| ☑ | Local Rule 83-2.5 | No letters to the judge |
| ☐ | Fed. R. Civ. P. 5 | No proof of service attached to document(s) |
| ☐ | Other: | |

**Please refer to the Court's website at www.cacd.uscourts.gov for Local Rules, General Orders, and applicable forms.**

### ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐ The document is to be filed and processed. The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk. Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____   _____
Date   U.S. District Judge / U.S. Magistrate Judge

☑ The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to counsel.* Counsel* shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

April 25, 2019   /s/ Michael W. Fitzgerald
Date   U.S. District Judge

* The term "counsel" as used herein also includes any pro se party. See Local Rule 1-3.

**COPY 1 -ORIGINAL-OFFICE**   **COPY 2 -JUDGE**   **COPY 3 -SIGNED & RETURNED TO FILER**   **COPY 4 -FILER RECEIPT**

CV-104A (06/13)   NOTICE OF DOCUMENT DISCREPANCIES



Honorable Michael W. Fitzgerald
District Judge
First Street Courthouse
350 West First St., Courtroom 5A
Los Angeles, CA 90012

April 23, 2019

**RE: U.S. v Boyd, No. 2:18-cv-00803-MWF(JEMx)**

Judge Fitzgerald:

    I write under extraordinary circumstances. A case on which I serve as lead trial counsel for Plaintiffs, Patels et al. v. U.S. (No: 8:18-cv-238), was brought to your attention at oral argument in the above-referenced matter. The issue in *Boyd* is one of first impression and identical to the issue in my case—whether the IRS is unlawfully applying penalties per account, rather than per violation of the filing requirements of 31 U.S.C. § 5314. The DOJ attorneys in both cases work out of the same office in Los Angeles, and I was not informed until late last week that the issue was presented before you.

    After a read of the briefs, I can understand why. Having served as a law clerk for three judges, I presume after argument that you may have discovered there is a lot more going on then what was presented on brief. For instance, there is no discussion of the *2002 Report* to Congress, no mention of the bifurcated process of 31 C.F.R. § 1010.350(a), no mention as to what constitutes a violation of the filing requirements of section 5314, etc. Moreover, a second issue of first impression exists, namely, whether the assessments are void. I remain hopeful that the Patels' Second Amended Complaint was helpful in providing the Court with many of the missing pieces to the puzzle.

    I expressed my dismay with Thomas D. Coker, Chief, Tax Division, yesterday. I expressed great concern over the fact that I was not informed that the identical issue was argued in *Boyd*, and that the fact discovery developed in my case cannot be reconciled with their position taken in *Boyd*. The consequence of the decision in this matter cannot be overstated. Tens of thousands of individuals have been assessed unlawful penalties for filing violations they did not, and could not, commit. On information and belief, the *Patel* case presents with the largest non-willful filing violation penalty ever assessed--$440,000 for one of my four clients alone, including multiple $10,000 penalties on accounts with balances less than $100.

I wish to provide you with discovery admissions that will be included in our motion for summary judgment to be filed in approximately 14 days. I will not discuss why they are relevant or why they cannot be reconciled with the DOJ's position on brief. I do not want this to be construed as an amicus. But I do believe that their relevance will jump off the page and perhaps convince you that it would be appropriate to stay your case pending the outcome in *Patel*. To have two courts come out with wholly different outcomes because the issue was presented without sufficient discovery and a lack of command of the subject matter would be most unfortunate.

The basic facts as to one of the Plaintiffs are these. Laxman had an average of 11 offshore accounts for each year in issue (2010-2013). He filed FinCEN Report 114 late for all four years. She determined he committed 44 separate non-willful filing violations of section 5314, all of which were hit with a $10,000 non-willful penalty. The position taken in *Boyd* and *Patel* is that he committed one filing violation per year. Here are the admissions:

1. FinCEN Report 114 is a Title 31 report.

2. The FinCEN Report 114 Laxman filed for each year in issue was a Title 31 report.

3. One FinCEN Report 114 is required to be filed per calendar year per individual if that individual presents with an aggregate offshore balance in excess of $10,000.

4. Laxman, who presented with offshore accounts exceeding $10,000 in the aggregate for each year in issue, was required to file ONE Title 31 report, FinCEN Report 114, for each year in issue by June 30th the following year.

5. Laxman filed one FinCEN Report 114 electronically with FinCEN for each calendar year in issue.

6. Laxman was required to sign FinCEN Report 114 for each year in issue.

7. Laxman signed one FinCEN Report 114 (via his authorized representative) for each calendar year in issue.

8. Laxman did not timely file his FinCEN Report 114 for each year in issue.

The following admission relates to language found in the *Line Item Instructions for Filing FinCEN Report 114*. That language is as follows:
> **Filing Information:**
> **When and Where to File:** The FBAR is an annual report and must be filed on or before April 15th of the year following the calendar year being reported. The FBAR must be filed electronically through FinCEN's BSA E-Filing System.

2

9. The language "[t]he FBAR must be filed electronically through FinCEN's BSA E-Filing System" means that Laxman was required to file FinCEN Report 114 for each year in issue with FinCEN, not the IRS.

The following admission relates to language also found in the *Line Item Instructions for Filing FinCEN Report 114*. That language is as follows:

> **Amended reports:** If you filed your [FinCEN Report 114] through the BSA E-Filing website and you need to amend your [FinCEN Report 114] to correct any information, please fill out a new [FinCEN Report 114] completely and check the Amend box in Item 1.

10. The IRS admitted that the above-referenced language means that if an individual needs to amend FinCEN Report 114 to correct any information supplied on or omitted from the Title 31 report, the individual must file a new FinCEN Report 114 completed in its entirety, supplying all information called for on the report, corrected and/or previously omitted information included.

The following admission relates to language also found in the *Line Item Instructions for Filing FinCEN Report 114*. That language is as follows:

> If the maximum account value of a single account or aggregate of the maximum account values of multiple accounts exceeds $10,000, a [FinCEN Report 114] must be filed. [FinCEN Report 114] is not required to be filed if the person did not have $10,000 of maximum value or aggregate maximum value in foreign financial accounts at any time during the calendar year.

11. Laxman, who presented with foreign financial accounts that exceeded the $10,000 threshold in the aggregate for each year in issue, filed one FinCEN Report 114 on which he listed all of his accounts, in accord with FinCEN's Line Item Instructions.

The following admissions (12-18) relate to language found in the Secretary's *2002 Report* to Congress and IRS statements made on its website. The first passage is from the *2002 Report*, the second the IRS's website.

> [FinCEN Report 114] is not a tax return, but a report filed with the Secretary stating that the person filing has a financial interest in, or signature authority over, financial accounts in a foreign country with an aggregate value exceeding $10,000 at any time during the calendar year. Filing [FinCEN Report 114] is a two-part reporting process. Form 1040 Schedule B, Part III, instructs a taxpayer to indicate an interest in a financial account in a foreign country by checking "Yes" or "No" in the appropriate box. Form 1040 then refers the taxpayer to [FinCEN Report 114], the FBAR, which provides that it should be used to report a financial interest in or authority over bank accounts, securities accounts, or other financial accounts in a foreign country. [FinCEN Report 114's] instructions provide more detail on when the [Title 31 report] must be filed. The deadline for filing [FinCEN Report 114] for each calendar year is on or before June 30th of the

3

following year.

### Reporting and Filing Information

A person who holds a foreign financial account may have a reporting obligation even when the account produces no taxable income. The reporting obligation is met by answering questions on a tax return about foreign accounts (for example, the questions about foreign accounts on Form 1040 Schedule B) and by filing an FBAR.

12. The IRS admitted that the bifurcated process is referenced in both excerpts.

13. The IRS admitted that the first part of the bifurcated process the Secretary is referring to is checking "Yes" on Form 1040, Schedule B, Part III, Question 7a.

14. The IRS admitted that the Secretary is referring to the second part of the bifurcated process when he provides that "Form 1040 then refers the taxpayer to [FinCEN Report 114], the FBAR . ."

15. As to the Secretary's statement, the IRS admitted that if an individual has foreign bank accounts, he or she must report those relationships to the Commissioner of Internal Revenue by checking "Yes" on his or her Title 26 Federal income tax return Form 1040.

16. As to the Secretary's statement, the IRS admitted that the "appropriate box" the Secretary is referring to when he states "Form 1040 Schedule B, Part III, instructs a taxpayer to indicate an interest in a financial account in a foreign country by checking "Yes" or "No" in the appropriate box" is the "Yes" box next to Question 7a.

17. The IRS admitted that its statement that "[t]he reporting obligation is met by answering questions on a tax return about foreign accounts (for example, the questions about foreign accounts on Form 1040 Schedule B) ..." refers to the Title 26 obligation that Laxman had to report his offshore relationships to the Commissioner of Internal Revenue on his Federal income tax returns for each year in issue.

18. The IRS admitted that FinCEN's recently proposed change to 31 C.F.R. § 1010.350(a) highlighted below was "consistent" with its own language that "[t]he reporting obligation is met by answering questions on a tax return about foreign accounts (for example, the questions about foreign accounts on Form 1040 Schedule B)".
    *31 C.F.R. § 1010.350(a)*
    Each United States person having a financial interest in ... a bank ... in a foreign country shall report such relationship to the Commissioner of Internal Revenue **on a return** for each year such relationship exists ...

19. Title 31 requires the filing of FinCEN Report 114.

4

20. Laxman did not violate the provisions of Title 26 in filing late his FinCEN Report 114 for each year in issue.

21. Laxman was required to list all 11 accounts and related information for calendar year 2010 on FinCEN Report 114 or he would be violating the filing requirements of section 5314 and 1010.350(a) by omitting a material item of information required to be supplied in response to questions posed under Part III of FinCEN Report 114.

22. Laxman, by listing all 11 accounts and related information in response to questions posed on FinCEN Report 114 for year 2010, and supplying all other information required elsewhere on the Title 31 report, with the exception of filing FinCEN Report 114 late, satisfied the requirement set forth in 1010.350(a) that he "shall provide such information as shall be specified in a reporting form prescribed under 31 U.S.C. 5314 to be filed by such persons."

The IRS answered 160 requests for admissions on January 28, 2019. I believe those highlighted above cannot be reconciled with the position taken on Document 31, page 11 (Plaintiff's Motion for Summary Judgment), filed February 11, 2019.

Mr. Coker stated that he believed a stay wasn't necessary because you have already put so much work into the case. I don't believe that is justification for not informing Your Honor that admissions on an identical legal issue contradicting the position before you should go by the way side. This is an unusual circumstance on a complex issue. From what I have provided, I hope you will consider staying this matter so that all issues will be adequately addressed and the inconsistent positions taken by the DOJ will not be tolerated.

Respectfully,

David Michaels

5